# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 18-cv-23815-GAYLES

*In re*

**JXB 84 LLC,**

                **Debtor.**                              **Bankruptcy Case Nos. 17-21785-AJC**
                                                                                    **18-1020-AJC**

_____/

**JXB 84 LLC,**

                **Appellant,**

**v.**

**DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE, IN
TRUST FOR REGISTERED HOLDERS
OF LONG BEACH MORTGAGE
LOANTRUST 2005-WL2, ASSET-
BACKED CERTIFICATES, SERIES
2005-WL2**,

                **Appellee.**

_____/

## <u>ORDER</u>

     **THIS CAUSE** comes before the Court on Appellant JXB 84 LLC's Notice of Appeal from the Bankruptcy Court [ECF No. 1]. The Court has reviewed the parties' briefs and the record and is otherwise fully advised. For the reasons discussed below, the Order of the United States Bankruptcy Court for the Southern District of Florida (the "Bankruptcy Court") Granting Motion for Summary Judgment and the corresponding Summary Final Judgment is affirmed. [ECF No. 7-3, at 763–77].

## BACKGROUND

The case arises out of a foreclosure in New York state court and the underlying facts are not in dispute. In 2005, a debtor executed a promissory note and corresponding mortgage (the "Mortgage") on a property located in Brooklyn (the "Property"). The Mortgage was later assigned to Deutsche Bank National Trust Company ("Appellee"). At a later point, the same debtor took out a second mortgage on the Property (the "Second Mortgage"), which was assigned to JXB 84 LLC's ("Appellant") predecessor-in-interest, Mortgage Electronic Registration Systems, Inc. ("MERS"). After the debtor defaulted on the Mortgage, Appellee subsequently brought a foreclosure action against the debtor and numerous other defendants, including MERS, in the Kings County Supreme Court (the "State Court"). Appellee filed a Summons, Complaint, and a Notice of Pendency with the State Court. The Complaint was timely served on all defendants. No response was ever filed.

Over a year after filing the Complaint, Appellee moved for a default judgment and an order of reference against all defendants, including MERS. The State Court granted that motion and "ORDERED, that a default judgment in favor of the [Appellee] be granted as to the claim described in the [Appellee's Foreclosure] Complaint []." [ECF No. 7-3, at 508–09, ¶ 10]. It is undisputed that Appellee complied with all procedural post-default obligations.

Appellant—who by that point had succeeded MERS on the Second Mortgage—then appeared in the State Court and moved to dismiss the Complaint and vacate the default. Appellant's sole argument before the State Court was that Appellee's motion for default was not timely. The State Court denied Appellant's motions and granted Appellee's motion for judgment of foreclosure and sale. Appellee again complied with its service obligations on all defendants. Appellant did not reassert its motions or otherwise challenge the State Court foreclosure order; nor did Appellant

appeal the foreclosure judgment. Accordingly, as of July 13, 2017, the State Court judgment was final. On September 28, 2017, the scheduled date for the sale of the Property, Appellant notified Appellee that Appellant had filed for bankruptcy and the sale was canceled.

Because it was Appellant's primary asset, title to the Property was immediately disputed in the bankruptcy proceeding. Appellant sold the Property (to itself) at a sale on October 12, 2017. Appellant then brought an adversary proceeding in the Bankruptcy Court against Appellee on January 17, 2018. In the Adversary Complaint, Appellant asserted three Counts: (1) a declaratory count to determine the extent, validity, and priority of lien (in other words, whether Appellee's original foreclosure judgment was valid); (2) for avoidance of Appellant's security interest because Appellee's Mortgage did not properly attach to Appellant's claim on the title, and; (3) to quiet title against Appellee. Each action would have the effect of overturning the State Court judgment of foreclosure by prioritizing Appellant's lien. On August 31, 2018, the Bankruptcy Court granted summary judgment in favor of Appellee and against Appellant. [ECF No. 7-3, at 763–74]. This appeal followed.

## LEGAL STANDARD

The district court has jurisdiction to hear appeals from final judgments and orders of bankruptcy courts pursuant to 28 U.S.C. § 158(a). "In reviewing bankruptcy court judgments, a district court functions as an appellate court." *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993). The district court reviews the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*, and it cannot make independent factual findings. *See Torrens v. Hood* (*In re Hood*), 727 F.3d 1360, 1363 (11th Cir. 2013); *Englander v. Mills* (*In re Englander*), 95 F.3d 1028, 1030 (11th Cir. 1996). In a bankruptcy appeal, "both the district court

and [the Eleventh Circuit] review a bankruptcy court's entry of summary judgment *de novo*." *In re Optical Techs., Inc.*, 246 F.3d 1332, 1335 (11th Cir. 2001) (collecting cases).

## DISCUSSION

On appeal, Appellant argues that the Bankruptcy Court erred when it found (1) no genuine issues of material fact, (2) that *Rooker-Feldman* bars entry of judgment in Appellant's favor, and (3) that *res judicata* and collateral estoppel preclude the instant suit. None hold water.[1]

### I.    No Genuine Issue of Material Fact

The Court first addresses whether any genuine issues of material fact exist here. The same standards for summary judgment apply before this Court as they do before the Bankruptcy Court. *See* Fed. R. Bankr. P. 7056. That is to say, summary judgment, pursuant to Federal Rule of Civil Procedure 56(a), "is appropriate only if 'the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (quoting Fed. R. Civ. P. 56(a)). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). An issue is "genuine" when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256,

---

[1] Before addressing these arguments, the Court feels compelled to note the problematic style and form of Appellant's briefs, which are riddled with citation and substantive errors. The Appellant's briefs also, in part, fail to comply with the applicable rules of procedure. The Court urges the parties to write their pleadings with care.

1259–60 (11th Cir. 2004). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). However, to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

Appellant has failed to show that any genuine issues of material fact exist here. First, Appellant argues that its declarations establish a question of whether the Notice of Pendency lapsed between property purchases, such that Appellant's interest in the title was protected at the time of foreclosure. Although at first blush persuasive, the proper time to have raised this was before the State Court. Appellant does not dispute that it was on notice of the foreclosure action and thus could have raised this argument there. *See infra*, at 6–10. But Appellant did not. Accordingly, the potential lapse of the Notice of Pendency does not present a bar to summary judgment. So too fail the issues relating to liability for interest, escrows, and advances, and whether Appellee had standing to foreclose; each could have been, and therefore should have been, first raised before the State Court. *Id.*

But even assuming Appellant had previously raised these issues and preserved them for review here, Appellant has failed to bolster them with facts. The Bankruptcy Court found that Appellant's two declarations were conclusory.[2] [ECF No. 7-3, at 767 (citing *Lee v. McCarthy*, No. 17-60471-CIV, 2018 WL 2198464, at *3 (S.D. Fla. May 14, 2018) and *In re Stasch*, No. 05-20789BKCRBR, 2008 WL 877209, at *7 (Bankr. S.D. Fla. Mar. 31, 2008))]. Indeed they are. Both

---

[2] The Bankruptcy Court also questioned the credibility of the declarations, a factual finding that must be given clearly erroneous review by this Court. *See In re Club Assocs.*, 951 F.2d 1223, 1229 (11th Cir. 1992). Under either standard, however, the result remains the same.

present primarily legal conclusions and/or statements of law, not facts. For example, the Declaration of Yonel Devico contains legal analysis and conclusions, and the few facts it does assert do not create material issues of fact impeding summary judgment. [*Id.* at 670–71]. The Declaration of Danielle Light similarly provides legal analysis and also does not set forth facts about the foreclosure in support of Appellant's State Court filings. [*Id.* at 623–31]. As such, the Bankruptcy Court correctly held that the declarations "do not establish the existence of any credible evidence to create a disputed issue of material fact." [*Id.* at 767].

## II.    *Rooker-Feldman*

Next, Appellant contests the Bankruptcy Court's application of the *Rooker-Feldman* doctrine as a substantive bar to its claims. "The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam).[3] The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "*Rooker* and *Feldman* exhibit the limited circumstances in which [the Supreme Court's] appellate jurisdiction over state-court judgments precludes a United States district court from exercising subject-matter jurisdiction in an

---

[3] There is no procedural bar to the application of the *Rooker-Feldman* doctrine here. The State Court foreclosure judgment was entered on July 13, 2017; Plaintiff did not appeal; and the present federal action was not filed until January 17, 2018. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 208, 284 (2005); *Nicholson v. Shafe*, 558 F.3d 1266, 1276 (11th Cir. 2009).

action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Id.* at 291 (internal citation omitted).

The *Rooker-Feldman* doctrine therefore bars both claims that could have been brought in a prior state court proceeding and claims "inextricably intertwined" with the state court's judgment. *See Feldman*, 460 U.S. at 482 n.16. "A claim is 'inextricably intertwined' if it would 'effectively nullify' the state court judgment, or [if] it 'succeeds only to the extent that the state court wrongly decided the issues.'" *Casale*, 558 F.3d at 1260 (quoting *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001)) (internal quotation marks omitted); *see also Springer v. Perryman*, 401 F. App'x 457, 458 (11th Cir. 2010) (per curiam).

Appellant contends that the *Rooker-Feldman* doctrine cannot preclude its arguments surrounding the purported issues of material fact. But that fails for two reasons. First, Appellant admits that it "did not raise and/or argue about an allegedly lapsed notice of pendency or [Appellee's] standing in the state case," but argues that "*Rooker-Feldman* would not preclude a claim not brought before the state court." [ECF No. 15, at 15]. Not so. The *Rooker-Feldman* doctrine indeed precludes arguments that could have been raised before the state court in the earlier case. *See, e.g.*, *Coles v. Bank of Am., N.A.*, No. 17-cv-24153, 2019 WL 2176837, at *4 (S.D. Fla. May 20, 2019) (holding that *Rooker-Feldman* precluded raising arguments of which the plaintiff had constructive notice at the time of the state court suit); *Ware v. Deutsche Bank*, No. 2:13-CV-69-AKK, 2013 WL 979207, at *4 (N.D. Ala. Mar. 11, 2013) (holding that lack of standing argument did not survive *Rooker-Feldman* challenge where it was neither raised in the state court case nor appealed, and all post-judgment motions for relief were denied), *aff'd sub nom. In re Ware*, 562 F. App'x 850 (11th Cir. 2014). Appellant's admitted failure to raise those arguments in the State Court is fatal to its attempt here.

Second, the *Rooker-Feldman* doctrine explicitly precludes a result that would overturn a final state court judgment. *See Klayman v. Deluca*, No. 15-cv-80310, 2016 WL 1045851, at *5–6 (S.D. Fla. Mar. 16, 2016) (noting that "the remedy sought by the plaintiff may be dispositive as to whether the plaintiff's claim invites the district court to 'review and reject' a state-court judgment in violation of *Rooker-Feldman*"), *aff'd*, 712 F. App'x 930 (11th Cir. 2017). In many cases where a state court granted foreclosure, the remedy sought before the federal court required restoring title or equity to the petitioner. *See Merice v. Wells Fargo Bank, N.A.*, No. 15-cv-80614, 2016 WL 1170838, at *3–4 (S.D. Fla. Mar. 25, 2016) (distinguishing cases where the *Rooker-Feldman* doctrine applied because the remedy sought would have determined the "title and rights and interests of the foreclosed-upon property" from those where it did not apply because the case challenged defendant's conduct) (quoting *Kohler v. Barlets*, 578 F. App'x 862, 864 (11th Cir. 2014) (per curiam)). But restoring title or equity means that the state court judgment is in effect overturned because the petitioner will no longer have suffered the effects of the foreclosure. So here, where Appellant seeks to restore its title to the Property, the remedy sought requires applying the *Rooker-Feldman* doctrine and finding a jurisdictional bar.

Accordingly, the Bankruptcy Court did not err in applying the *Roocker-Feldman* doctrine.

### III.    *Res Judicata*

Appellant's final argument—that the Bankruptcy Court erred in holding *res judicata* and collateral estoppel bar its claims—fares no better. Indeed, it fails for much of the same reasons as outlined above because "[*Rooker-Feldman*] has a 'close affinity' to *res judicata* and collateral estoppel." *In re Zoernack*, 289 B.R. 220, 229–30 (Bankr. M.D. Fla. 2003) (quoting *Agripost, Inc. v. Miami–Dade Cnty.*, 195 F.3d 1225, 1229, n. 7 (11th Cir. 1999)).

First, Appellant's claim is barred by *res judicata*. The doctrine of *res judicata*, or claim preclusion, "bars the filing of claims which were raised or could have been raised in an earlier proceeding." *Sealey v. Branch Banking & Trust Co.*, 693 F. App'x 830, 833 (11th Cir. 2017) (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990) (internal quotation marks omitted)); *see also Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 892 (11th Cir. 2013) (stating that claim preclusion "bars the parties to an action from litigating claims that were or could have been litigated in a prior action between the same parties"). Four elements must be established for claim preclusion to bar a subsequent action: (1) a final judgment on the merits must be announced; (2) the prior decision must be rendered by a court of competent jurisdiction; (3) the parties or their privies must be identical in both suits; and (4) both cases must involve the same causes of action. *See Sealey*, 693 F. App'x at 833 (citations omitted); *Lobo*, 704 F.3d at 892 (citations omitted); *Florida Transp. Serv., Inc. v. Miami-Dade Cnty.*, 757 F. Supp. 2d 1260, 1271 (S.D. Fla. 2010).

All four elements are met. A judgment on the merits was announced by the State Court in the foreclosure action. That judgment became final when Appellant chose not to timely appeal. The State Court is a court of competent jurisdiction. The parties are identical: Appellant is the successor-in-interest to one State Court defendant and Appellant itself appeared before the State Court; Appellee was the Plaintiff in that action. Finally, both cases involve the same cause of action. The original case was brought as a foreclosure action on the Property. The current case involves Appellant's attempt to restore its right to the same property by prioritizing its lien. Appellant does not dispute that it could have previously asserted the claims it pursues here: challenges to the Notice of Pendency, standing, and Appellee's priority as lienholder. *See In re Justice Oaks II, Ltd.*, 898 F.2d 1544, 1552 (11th Cir. 1990) (holding that *res judicata* applies where

the claims the petitioner asserted could have been raised in the prior action, even where the prior objections did not expressly raise them). Accordingly, the elements of claim preclusion are met and Appellant is precluded from pursuing all three Counts in its Complaint.

Appellant also argues that the Bankruptcy Court incorrectly found that its claim was collaterally estopped. But because the Court has found two independent grounds for affirmance, both of which individually preclude Appellant's claims, the Court declines to reach Appellant's collateral estoppel arguments.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Order of the United States Bankruptcy Court for the Southern District of Florida Granting Motion for Summary Judgment and the corresponding Summary Final Judgment is **AFFIRMED**. This action shall be **CLOSED** for administrative purposes, and all pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of September, 2019.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE